# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Elvis Nectali Bermudez Castellon, )<br>*a/k/a Jose Renato Bermudez Castellon*, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Bureau of Prisons, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 1:22-cv-1948-TMC<br><br>**ORDER** |

On June 21, 2022, Petitioner, proceeding *pro se*, filed a petition seeking habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), (e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial proceedings. On July 28, 2022, the court issued a proper form order advising Petitioner that his claims did not appear to be cognizable in an action brought pursuant to § 2241 but directing that, to the extent he wished to continue pursuing habeas relief, Petitioner provide sufficient information to permit initial review and pay the filing fee by August 18, 2022. (ECF No. 5). The Clerk of Court mailed the proper form order to Petitioner at the Federal Correctional Institution, Williamsburg in Salters, South Carolina ("FCI Williamsburg")—the address he provided the court when he filed his petition. (ECF No. 6). The order was not returned as undeliverable, and Petitioner is presumed to have received it.

On August 23, 2022, having received nothing from Petitioner, the court mailed another proper form order to Petitioner at FCI Williamsburg directing him to provide the same information and payment by September 7, 2022. (ECF Nos. 8, 9). On September 6, 2022, the court received from Petitioner a notification of a change of address, indicating he had been transferred from FCI

Williamsburg to the United States Penitentiary ("USP") in Lewisburg, Pennsylvania. (ECF No. 10). Subsequently, the second proper form order (ECF No. 8) was returned as undeliverable to the court (ECF No. 14), having been sent to the initial address Petitioner provided.

On September 20, 2022, the magistrate judge issued a Report and Recommendation ("Report") recommending that the Petition be transferred to the Middle District of Pennsylvania because Petitioner is currently incarcerated at USP Lewisburg, Pennsylvania. (ECF No. 12). The magistrate judge noted that, although Petitioner was incarcerated in the District of South Carolina at the time he filed his § 2241 petition, he was transferred and is presently housed at USP Lewisburg and, as a result, concluded that "the Warden of USP Lewisburg is . . . the proper party respondent to Petitioner's § 2241 petition." *Id*. at 3. The magistrate judge found that transfer of the Petition to the Middle District of Pennsylvania would serve the interests of justice and, at this earl stage of the litigation, not prejudice either party. *Id*. The magistrate judge advised Petitioner of his right to file objections to the Report and of the consequences of failing to do so. *Id*. at 5. The Report was sent to Petitioner at USP Lewisburg using the address he provided the court (ECF No. 13), the Report was not returned as undeliverable, and Petitioner is presumed to have received it. Petitioner has not filed objections to the Report, and the time for doing so has passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed.

App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks omitted). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report (ECF No. 12), and incorporates it herein. Accordingly, the court directs the Clerk of Court to **TRANSFER** this action to the Middle District of Pennsylvania.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
October 14, 2022

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.